IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH GERALD TAYLOR, AB7038,

    Petitioner,

vs.

JOEL MARTINEZ, Warden,

    Respondent.

No. C 17-3628 CRB (PR)

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner, a state prisoner currently incarcerated at the Sierra Conservation Center (SCC) in Jamestown, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a September 19, 2015 amendment of his original December 7, 2009 abstract of judgment from Alameda County Superior Court.

## BACKGROUND

Petitioner was convicted by a jury in Alameda County Superior of two counts of second degree robbery. In a bifurcated proceeding, the court found true allegations that petitioner had suffered numerous prior convictions, including a prior strike felony conviction. On December 4, 2009, the court sentenced petitioner to a determinate term of 15 years in state prison.

Petitioner unsuccessfully appealed his conviction to, and unsuccessfully sought state habeas relief from, the California Court of Appeal. The Supreme Court of California denied review and, on November 16, 2011, denied his final petitions for state habeas relief.

Petitioner then unsuccessfully sought federal habeas relief under § 2254. This court denied his federal habeas petition on the merits on April 22, 2013, and the Ninth Circuit denied a certificate of appealability on April 24, 2014.

Petitioner returned to Alameda County Superior Court in May 2015 with an ex parte request for the state court to correct his December 7, 2009 abstract of judgment. For the first time, petitioner claimed that the abstract of judgment incorrectly reflected a middle term of six years (rather than three years) for the first robbery count, and a middle term of two years (rather than one year) for the second robbery count. On July 23, 2015, the court ordered the clerk to correct the abstract of judgment, which it determined contained a clerical error, to reflect middle terms of three years and one year for the two robbery counts, and to clarify that the court imposed the prior strike felony conviction to double the term for the two robbery counts to eight years.

Petitioner challenged the amended abstract of judgment (dated September 19, 2015) via state habeas petitions, but the state superior, appellate and high courts all denied him relief.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

The petition may be dismissed if it plainly appears from its face and any exhibits annexed to it that the petitioner is not entitled to relief. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

B. Legal Claims

Petitioner claims that Alameda County Superior Court did not have jurisdiction to amend his original December 7, 2009 abstract of judgment, "and that in so doing, he was subjected to double jeopardy and due process violation." Pet. (ECF No. 1) at 5a. Petitioner apparently believes that the superior court could only reduce his sentence from 15 to 11 years in state prison. The claim is meritless.

The petition and exhibits annexed to the petition show that, after petitioner requested in May 2015 that Alameda County Superior Court correct his original December 7, 2009 abstract of judgment, the superior court determined that the original December 7, 2009 abstract of judgment needed to be corrected to properly reflect how the court had arrived at petitioner's total term of 15 years in state prison. The December 7, 2009 abstract of judgment showed that the court had arrived at the total term of 15 years in state prison by imposing a middle term of six years for the first robbery count and a middle term of two years for the second robbery count, plus seven years for the various prior convictions. It did not mention petitioner's prior strike felony conviction. The superior court found that the abstract of judgment contained a "clerical error" because it did not properly reflect how the court had arrived at the total term of 15 years in state prison. The court accordingly instructed the clerk to correct the abstract of

3

judgment to reflect that it had arrived at the total term of 15 years in state prison by imposing a middle term of three years for the first robbery count and a middle term of one year for the second robbery count, both doubled by virtue of the prior strike felony conviction (i.e., for a total term of eight years for the two robbery counts), plus seven years for the various other prior convictions. There was no change in petitioner's total term of 15 years in state prison.

The state courts' rejection of petitioner's claim that amending the original abstract of judgment amounted to a constitutional violation was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, or involved an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). The superior court reasonably determined that the original abstract of judgment contained a clerical error because it did not properly reflect how the court had arrived at petitioner's total term of 15 years in state prison, and reasonably ordered the clerk to correct it. The amended abstract of judgment did not result in a double jeopardy or due process violation because it did not in any way increase petitioner's total term of 15 years in state prison, which is amply supported by the two counts and numerous priors (including a prior strike felony) for which he was convicted. Cf. Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987) (federal court generally may not review state sentence that is within statutory limits). Petitioner is not entitled to federal habeas relief on his claim that the amended abstract of judgment amounted to a constitutional violation. See 28 U.S.C. § 2254(d).

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED for lack of merit.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a

4

certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

DATED: August 10, 2017

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.17\Taylor, K.17-3628.dismissal.wpd

5